# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | 2: 14-254 |
| | ) | |
| CHRISTOPHER THOMPSON | ) | |
| | ) | |

## OMNIBUS PRETRIAL MOTIONS ORDER

Pending before the Court are the following pretrial motions filed by Defendant Christopher Thompson: a MOTION TO DISMISS INDICTMENT AS BARRED BY THE CONSTITUTIONAL PROTECTION AGAINST DOUBLE JEOPARDY (ECF No. 27); a MOTION TO COMPEL DISCLOSURE OF PLEA BARGAINS, PREFERENTIAL TREATMENT, AND PROMISES TO GOVERNMENT WITNESSES WITH CITATION OF AUTHORITIES (ECF No. 28); a MOTION FOR NOTICE OF INTENTION TO USE EVIDENCE OF CONVICTIONS OR OTHER BAD ACTS UNDER FEDERAL RULES OF EVIDENCE 403, 404(b) AND 609 (ECF No. 29); a MOTION FOR EARLY DISCLOSURE OF ALL JENCKS ACT MATERIAL AND MEMORANDUM OF LAW IN SUPPORT THEREOF (ECF No. 30); a MOTION TO REQUIRE LAW ENFORCEMENT OFFICERS TO RETAIN ROUGH NOTES AND WRITINGS THAT MAY CONSTITUTE BRADY OR JENCKS MATERIAL (ECF No. 31); and a MOTION FOR BILL OF PARTICULARS (ECF No. 32). The government has filed an OMNIBUS RESPONSE (ECF No. 34). Accordingly the motions are ripe for disposition.

I. **Background**

The genesis of this case is a criminal investigation into and the prosecution of a heroin distribution ring that Angie Morgan and her son Michael Milton allegedly operated out of the

Duquesne, Pennsylvania area from 2006 to 2008 (the "Morgan Conspiracy"). The conspiracy involved obtaining heroin from suppliers in New Jersey and New York and transporting it back to the Pittsburgh area for distribution. Morgan and Milton were ultimately convicted.

This case is among the remnants of the Morgan conspiracy. According to the government, Defendant Thompson took over leadership of the organization after Morgan and Milton were sentenced, and Defendant and his "co-conspirators" allegedly continued to purchase heroin from their New York and New Jersey suppliers, utilizing vehicles with hidden compartments to transport pre-packaged form(s) of the drug for redistribution in the Duquesne, PA area.

The investigation into the so-called "Duquesne case" included Court-ordered Title III wiretap intercepts of communications among Defendant, his younger brother Corey Thompson, and some of his "top lieutenants," including Donte Yarbough, Lawrence Short, Clinton Scott, and Jivonte Butler, in the second-half of 2011.

Another investigative method used by the government was tracking devices on vehicles, including a Jeep Cherokee with a hidden compartment which traveled back and forth from the Pittsburgh area to New Jersey transporting heroin and money. In February 2012, the government apparently arranged for a stop of the Jeep Cherokee on the Pennsylvania Turnpike, which led to the seizure of more than 100 grams of heroin. Government agents thereafter observed Defendant meet with the driver of the vehicles and recorded telephone calls and meetings among them.

On October 28, 2014, a federal grand jury in the Western District of Pennsylvania returned a one-count indictment against Defendant, which charged him with the crime of Conspiracy to Distribute and Possess with the Intent to Distribute One Kilogram or More of Heroin from in and around January 2009 to in and around February 2012 in violation of 21

U.S.C. § 846 (the "Heroin Indictment."). This charge is not Defendant's first involvement with the federal criminal justice system.

On March 6, 2012, a federal grand jury returned a one-count indictment against Defendant, which charged him with the crime of Conspiracy to Distribute and Possess with the Intent to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine in and around February 2012, in violation of 21 U.S.C. § 846 (the "Cocaine Indictment"). *See USA v. Christopher Thompson*, No. 12-cr-53-JFC (W.D. Pa. filed March 6, 2012). Corey Thompson was also charged with this offense. *See USA v. Corey Thompson*, No. 12-cr-52-JFC (W.D. Pa. filed March 6, 2012). Both brothers ultimately pled guilty to their respective roles in that operation.

Moreover, around that time, the government apparently informed Defendant's then-counsel about the heroin distribution investigation. The government and Defendant did not, however, enter into a plea agreement. For his part, Corey Thompson elected to plead guilty to his role in both the cocaine and heroin conspiracies. According to the government, Defendant took a "wait and see" approach regarding the Duquesne case in which he has now been indicted. A federal grand jury has also returned a seven-count indictment against twelve defendants, who the government alleges are among Defendant's co-conspirators in the heroin-related case.[1]

II.     Discussion

   A. **Motion to Dismiss the Indictment as Barred by the Constitutional Protection Against Double Jeopardy (ECF No. 27)**

Defendant Thompson contends that the Court should dismiss the Heroin Indictment on Double Jeopardy and Due Process grounds. In support, he asserts "that the cast of characters in the Indictments, heroin and cocaine, are duplicative as are the time frames of the conspiracies."

---

1. The pending pretrial motions in the related case, *United States v. Akins*, No. 14-cr-270-TFM (W.D. Pa. filed Dec. 9, 2014), will be addressed in a separate opinion.

3

Defendant also asserts that the "government at a minimum acted in bad faith and/or in violation of [his] due process rights in securing a guilty plea to the cocaine conspiracy at a time that it possessed ample evidence to indict [him] on the heroin conspiracy." Defendant thus seeks dismissal of the Heroin Indictment or, in the alternative, an evidentiary hearing on this issue. The Court is not persuaded.

"A defendant is entitled to a pre-trial evidentiary hearing if he makes a non-frivolous showing of double jeopardy." *United States v. Claxton*, 367 F. App'x 326, 328 (3d Cir. 2010) (citing *United States v. Liotard*, 817 F.2d 1074, 1077 (3d Cir. 1987)). In the Third Circuit, courts employ "[a] 'totality of the circumstances' test," in making such a determination. *United States v. Travillion*, 759 F.3d 281, 295 (3d Cir. 2014) (citing *Liotard*, 817 F.2d at 1078). Under this approach, "the threshold is not high." *Id.* As our court of appeals has instructed:

> [A] conspiracy defendant will make out a non-frivolous showing of double jeopardy if he can show that (a) the "locus criminis" of the two alleged conspiracies is the same, (b) there is a significant degree of temporal overlap between the two conspiracies charged, (c) there is an overlap of personnel between the two conspiracies (including unindicted as well as indicted coconspirators), and (d) the overt acts charged and the role played by the defendant according to the two indictments are similar.

*Id.* (quoting *Liotard*, 817 F.2d at 1078). "These factors need not be applied in a rigid manner, as 'different conspiracies may warrant emphasizing different factors.'" *Id.* (quoting *United States v. Smith*, 82 F.3d 1261, 1267, 1273 (3d Cir. 1996)).

Be that as it may, Defendant has not made this showing. Although both conspiracies occurred in the Western District of Pennsylvania, they "diverge in almost all other respects." *Claxton*, 367 Fed. App'x at 329. Most obviously, the conspiracies as charged had different objectives: the objective of the conspiracy alleged in the Cocaine Indictment was to distribute and possess with intent to distribute cocaine; the objective of the conspiracy alleged in the

4

Heroin Indictment was to distribute and possess with intent to distribute heroin. *See id.* In addition, the timeframes of the two conspiracies as charged are dissimilar, although they overlap by one month: the Cocaine Indictment charges a conspiracy in February 2012; and the Heroin Indictment charges an ongoing conspiracy from in and around January 2009 to February 2012. The conspiracies also involved different people. The only co-conspirator of Defendant (made known to the Court) in connection with the Cocaine Indictment was Corey Thompson, while the government has charged at least twelve individuals as co-conspirators in a case related to the Heroin Indictment. Given the distinctions between the two indictments, Defendant cannot make the requisite showing.

To the extent that Defendant also makes allegations of government misconduct, the Court is likewise not persuaded. Defendant offers nothing other than conclusory remarks to support his position, suggesting that the government garnered a procedural advantage related to the prosecution of the Heroin Indictment or that it engaged in "sentencing manipulation" by securing two indictments. Without more, Defendant cannot show government misconduct. Accordingly, this motion is **DENIED**.

### B. Discovery Motions

Discovery in a criminal case is far different from that in a civil case. The government's obligation to make available pretrial discovery materials is governed primarily by Rule 16 of the Federal Rules of Criminal Procedure. Beyond Rule 16, the Jencks Act, and *Brady* and its progeny, however, a defendant has no general constitutional right to pretrial discovery. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Those rights conferred by rule, statute, and case law cannot be used to compel the United States to disclose the minutia of its evidence, trial strategy, or investigation. *United States v. Fiorvanti,* 412 F.2d 407, 411 (3d Cir. 1969). The

Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas listed in Federal Rule of Criminal Procedure 16, "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *United States v. Ramos,* 27 F.3d 65, 68 (3d Cir. 1994). Generally, these other areas are limited to the Jencks Act and materials available pursuant to the *Brady* doctrine. *Id.* The Court appreciates, and in some circumstances shares, Defendant's frustration with these discovery limitations.

At the outset, the Court notes that the government has repeatedly acknowledged its obligations under *Brady* and its progeny, *Giglio*, Federal Rules of Criminal Procedure 12 and 16, and the Jencks Act. The government also represents that it has already disclosed substantial amounts of evidence in this case to Defendant, including the affidavits in support of the applications to intercept communications, the communications themselves, surveillance photographs, recorded telephone calls and meetings, and various other forms of discovery. With that background in mind, the Court will address each of Defendant's specific requests

### 1. Motion to Compel Disclosure of Plea Bargains, Preferential Treatment, and Promises to Government Witnesses With Citation [to] Authorities (ECF No. 28)

Defendant seeks an Order to compel the government to disclose all plea bargains, preferential treatment and promises to its witnesses. The government objects to any expansion of its obligations beyond its legal requirements. As the government correctly notes, to require disclosure of the requested information at this time is tantamount to having the government identify its witnesses far in advance of trial. And in doing so, the government has articulated a particularized concern regarding premature disclosure of its witnesses in this case, given the Defendant's "exceedingly violent nature" as well as his extensive criminal history.

The government is not obligated to provide a witness list in a non-capital case except in conformity with the Jencks Act. At the same time, however, the government recognizes that evidence which would tend to impeach the testimony and/or the credibility of a witness must be turned over so that defense counsel is able to effectively cross-examine that witness. As such, the government has represented that it intends to provide information that would be useful to the defense in cross-examining its witnesses at least three days before trial. Although the Court encourages an earlier disclosure, the government is not required to do so. Accordingly, Defendant's motion is **DENIED.**

### 2. Motion for Early Disclosure of All Jencks Act Material (ECF No. 30)

Relatedly, Defendants seek early disclosure of Jencks Act materials at least thirty days before trial. The Jencks Act, 18 U.S.C. § 3500(b), requires the government to disclose prior recorded statements of its witnesses, when related to the subject matter of their testimony, after each witness testifies on direct examination. *United States v. Weaver*, 267 F.3d 231, 245 (3d Cir. 2001). According to 18 U.S.C. § 3500(a), "no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." The government has no duty to make an earlier disclosure.

The government recognizes that strict compliance with the Jencks Act could result in unnecessary interruptions or delays during the trial. As such, the government represents that it will voluntarily turn over this material three days prior to trial. The Court urges the government to disclose the applicable materials as early as practicable to avoid potential delays at trial, but it will not require the government to do so. Accordingly, Defendant's motion is **DENIED**.

### 3. Motion to Require Law Enforcement Officers to Retain Rough Notes and Writings that May Constitute *Brady* or Jencks Material (ECF No. 31)

In addition to the previous two motions, Defendant also seeks an order directing the government to retain the "rough notes" taken by law enforcement agents during their investigations. The government acknowledges its obligation to preserve such rough notes. *See United States v. Ramos*, 27 F.3d 65, 68-69 (3d Cir. 1994). Accordingly, Defendant's motion is **GRANTED AS UNOPPOSED**, in accordance with the government's representation.

### C. Motion for Notice of Intention to use Evidence of Convictions or Other Bad Acts Under Federal Rules of Evidence 403, 404(b), and 609 (ECF No. 29)

Defendant requests that the Court direct the government to provide written notice, within fourteen days of this Order, of its intention to seek admission of evidence under Federal Rules of Evidence 403, 404(b) and 609.[2] In response, the government provides notice to Defendant regarding the evidence it would seek to admit under Rule 609. The government also points to evidence that it views as intrinsic to the crime charged, although it provides notice that it will argue, in the alternative, that the evidence is admissible under Rule 404(b). At this point, the government represents that it is unaware of any other specific "bad act" evidence that it will seek to introduce at trial, but it suggests that the Court set a deadline for disclosure of same

Accordingly, Defendant's motion is **GRANTED IN PART**, in accordance with the government's representation. The government shall provide Defendant with notice of its intent to seek admission of evidence pursuant to Federal Rule of Evidence 404(b) no later than fourteen days before trial.

---

2. Although Defendant lists Federal Rule of Evidence 403 in the title of his motion and states the purpose of the rule in the body of his filing, he makes no specific request regarding same.

**D. Motion for Bill of Particulars (ECF No 32)**

Defendant seeks a Bill of Particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure "due to the vagueness and indefiniteness of the Indictment." In doing so, Defendant once again points to the so-called overlap between the Cocaine Indictment and the Heroin Indictment. The government opposes the motion, arguing that Defendant has more than sufficient information to inform him of the nature of the charge against him and to allow him to prepare a defense.

Federal Rule of Criminal Procedure 7(f) provides, in relevant part, as follows:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

A district court has broad discretion in granting or denying a criminal defendant's motion for a bill of particulars. *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989). Among the purposes of a bill of particulars is to inform the defendant of the nature of the charges brought against him so that he is able to adequately prepare a defense. *United States v. Moyer*, 674 F.3d 192, 203 (3d Cir. 2012) (citing *United States v. Addonizio*, 451 F.2d 49, 63 (3d Cir. 1971)). Our appellate court has instructed that a district court should grant a motion seeking a bill of particulars when an indictment's failure to provide factual or legal information "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *Rosa*, 891 F.2d at 1066. However, a defendant is not entitled to general discovery of the government's case, evidence or witnesses. *United States v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975)).

A bill of particulars should reveal "only the minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Smith*, 776 F.2d

1104, 1111 (3d Cir. 1985). In ruling on a request for a bill of particulars, a court should consider all information that has been disclosed to a defendant in the course of the prosecution, whether or not included in the indictment. *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir. 1972).

In exercising its discretion in this case, the Court thus concludes that a bill of particulars is not warranted. The government has provided Defendant with substantial pretrial disclosures: affidavits in support of the applications to intercept communications, the communications themselves, surveillance photographs, recorded telephone calls and meetings, and various other forms of discovery. The indictment also adequately apprises Defendant of the pending charge, and the alleged drug conspiracy is straight-forward. Under these circumstances, Defendant's claim that he lacks sufficient information to ascertain the facts of this case is simply without merit. Accordingly, Defendant's motion is **DENIED**.

### III. Conclusion

A Pre-Trial Conference in this matter is hereby scheduled on Friday, November 6, 2015 at 1:45 PM in Courtroom 6C, United States Courthouse, 700 Grant Street, Pittsburgh, PA 15219, at which Defendant shall appear in-person.

**SO ORDERED**, this 28th day of October, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Court Judge

cc: Brendan T. Conway
Email: brendan.conway@usdoj.gov
John A. Knorr
Email: jknorr@dmclaw.com
(via CM/ECF)